[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13279
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81342-KAM

BRUCE C. ROSETTO,
ROXANNE ROSETTO,
Plaintiff,

                                        Plaintiffs - Appellants,

versus

CHARLES MURPHY,
CLARK HILL, PLC,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 24, 2018)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiffs Bruce Rosetto and Roxanne Rosetto appeal the district court's dismissal of their civil action against Defendants Charles Murphy and Clark Hill PLC. The district court -- under the doctrine established in Barton v. Barbour, 104 U.S. 126 (1881) -- concluded that it lacked subject matter jurisdiction. No reversible error has been shown; we affirm.

This appeal arises out of events that occurred in connection with an enforcement action filed by the Securities and Exchange Commission against Legisi Marketing, Inc. ("SEC Enforcement Action"). As part of those proceedings, the United States District Court of the Eastern District of Michigan appointed Robert Gordon as receiver ("Receiver"). The Receiver then retained Defendants Murphy and Clark Hill PLC as court-approved counsel to represent the Receiver and to assist in his duties.

In 2009, the Receiver -- through Defendants -- filed suit against Plaintiffs in the Eastern District of Michigan, alleging violations of federal securities laws (the "Michigan Action"). Briefly stated, the complaint alleged that Mr. Rosetto controlled the day-to-day activities and management of an investment fund in which Legisi invested millions of dollars and that Mr. Rosetto knew or should have known that Legisi was operating a Ponzi scheme.

2

In 2014, Murphy -- acting as counsel for and with prior express authorization from the Receiver -- made statements to the media about the Michigan Action. The published article quoted Murphy as having made this statement: "The investigation that we conducted to date has confirmed that Mr. Rosetto participated in securities fraud with respect to the Royal Palm Real Estate Investment Fund."

Based on Murphy's alleged statement, Plaintiffs filed a complaint in state court purporting to assert claims for libel per se and for loss of consortium. Defendants removed the case to federal court based on diversity of citizenship. The district court then granted Defendants' motion to dismiss, concluding that the court, under Barton, lacked subject matter jurisdiction.

"When evaluating a district court's conclusions on a Rule 12(b)(1) motion, we review the district court's legal conclusions de novo and its factual findings for clear error." Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169 (11th Cir. 2011) (quotations and alteration omitted).

"It is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Barton, 104 U.S. at 128. Without such leave, a court lacks jurisdiction over a suit filed against a receiver "based on his negligence or that of his servants in the performance of their duty in respect of [the property administered by the receiver.]" Id. at 136-37. The Barton

3

doctrine also extends to court-approved lawyers retained by the receiver. Lawrence v. Goldberg, 573 F.3d 1265, 1270 (11th Cir. 2009).

That Plaintiffs failed to obtain leave of the appointing court before filing this civil action against Defendants is undisputed. Because Plaintiffs have not shown that this case falls outside the scope of the Barton doctrine, the district court concluded correctly that it lacked subject matter jurisdiction over Plaintiffs' claims.

First, we reject Plaintiffs' contention that the Barton doctrine is inapplicable because the Michigan Action was administratively closed when Murphy made his alleged statement to the media. The status of the Michigan Action is not the pertinent inquiry. Instead, we look to the action in which the Receiver was appointed: the SEC Enforcement Action. The parties do not dispute that the SEC Enforcement Action was still open and ongoing when Murphy made the alleged statement and when Plaintiffs filed suit against Defendants. Thus, Plaintiffs were obligated to first obtain leave from the appointing court before filing this civil action.

We also reject Plaintiffs' argument that the jurisdictional issue in this case is "intertwined with the merits" of their claims for defamation and for loss of consortium. "[J]urisdiction becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Morrison v.

4

Amway Corp., 323 F.3d 920, 926 (11th Cir. 2003) (quotations omitted) (determining that the issue of "eligible employee" status under the Family Medical Leave Act implicated both the court's jurisdiction and the underlying merits of the plaintiff's claim). Here, the statute that serves as the basis for subject matter jurisdiction over Plaintiffs' diversity action (28 U.S.C. § 1332) is unrelated to Plaintiffs' substantive claims, which are governed by state law. Cf. Odyssey Marine Exploration, Inc., 657 F.3d at 1170 (jurisdiction was not intertwined with the merits of the claim where the statute providing subject matter jurisdiction did not also govern plaintiff's substantive claims).

Because no intertwining of the jurisdictional issue and the merits of Plaintiffs' claims existed, the district court applied properly the standard under Fed. R. Civ. P. 12(b)(1) for factual challenges to subject matter jurisdiction. See id.; see also Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (when considering a factual attack to subject matter jurisdiction under Rule 12(b)(1), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . [N]o presumptive truthfulness attaches to the plaintiff's allegations . . . .").

Plaintiffs also contend that Murphy's statement constituted defamation per se and, thus, falls under the ultra vires exception to the Barton doctrine. We are not persuaded that Murphy acted outside the scope of his lawful authority. As an

5

initial matter, we have said that a receiver's release of defamatory reports to the media is insufficient to demonstrate that the receiver "engaged in activities prima facie beyond the scope of the official function of a state court receiver." Property Mgmt. & Invest., Inc. v. Lewis, 752 F.2d 599, 603 (11th Cir. 1985) (affirming the dismissal of claims against a receiver on judicial immunity grounds).

About the Receiver's authority in this case, the Order Appointing Receiver authorized the Receiver "to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estates." The Receiver testified (1) that he considered the media to be among the people appropriate to inform about the status of the proceedings; and (2) that he authorized Murphy to speak with the media about the Michigan Action and about a subpoena served on Mr. Rosetto's employer.

In the complaint filed in the Michigan Action, the Receiver alleged that Mr. Rosetto knew or should have known about the Ponzi scheme. In response to a motion to quash the subpoena served on Mr. Rosetto's employer, the Receiver alleged further that "Bruce Rosetto was not only an attorney for the Respondents, but also participated directly in the fraud by creating the Royal Palm Fund specifically for the purpose of soliciting the funds of McKnight and Legisi Marketing." On this record, the district court committed no clear error in determining that Murphy's alleged statement "originate[d] from the Receiver's

6

court filings" and constituted "a reiteration of the position asserted by the Receiver in the pending litigation." Because Murphy acted within the scope of the authority given him by the Receiver, Plaintiffs have failed to show that his conduct falls within an exception to the <u>Barton</u> doctrine.

The district court dismissed properly Plaintiffs' complaint for lack of subject matter jurisdiction.

AFFIRMED.